5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Marvin HARRIS, Plaintiff-Appellant,
v.
M.E. AOUSSOPAULOS, et al., Defendants-Appellees.
 No. 93-15147.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 16, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Harris, a California state prisoner, appeals pro se the district court's order granting summary judgment in favor of defendant prison officials in his 42 U.S.C. Sec. 1983 prisoner civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's award of summary judgment de novo, T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987), and we affirm.
 
 
 3
 Harris contends that the district court erred in granting summary judgment in favor of defendant prison officials. Harris alleged in his complaint that prison officials destroyed or confiscated his personal property in violation of the Due Process Clause of the fourteenth amendment. We disagree. The negligent or intentional deprivation of a prisoner's property fails to state a claim under 42 U.S.C. Sec. 1983 if the state has an adequate post deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). A post deprivation tort remedy satisfies due process considerations. See Zinermon v. Burch, 494 U.S. 113, 128-29 (1990). By enacting the California Tort Claims Act, Cal.Gov't Code Secs. 810-995, the State of California waived its sovereign immunity from liability and consented to be sued in California courts, see Cal.Gov't Code Secs. 815.2, 945, thereby providing an adequate post deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 543 (1981), rev'd on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Because California law provides an adequate post deprivation remedy, the district properly granted summary judgment on this claim.
 
 
 4
 Harris also argues that the district court erred in granting summary judgment on his claim that, because his legal papers were confiscated, he was denied access to the courts. We disagree. As Harris failed to allege or demonstrate either inadequate access to legal information or actual denial of access to the courts, the district court properly granted summary judgment in favor of defendant prison officials on Harris' access to the courts claim. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) (prisoner must allege inadequate access to legal information or actual denial of access to the courts).
 
 
 5
 Because Harris has an adequate post deprivation remedy under California law, and because Harris failed to demonstrate the denial of access to the courts, the district court properly awarded summary judgment in favor of prison defendants.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harris' motion for an order directing prison officials to provide him access to the law library is denied as moot